CASE 88—INDICTMENT—DECEMBER 6.

# Tracy v. Commonwealth.

### APPEAL FROM FAYETTE CIRCUIT COURT.

1. INDICTMENT—LIBEL.—An indictment for libel, which charges that the defendant did "unlawfully and maliciously compose, write and cause to be printed and published of and concerning" a certain person or persons the libelous matter set out, is sufficient without stating the mode of publication. The averment that the libel was printed and published is not a mere legal conclusion, but the statement of a fact.

2. SAME.—A man may be indicted for a libel on two or more persons where the libel is contained in a single writing, published at one time and by a single act, without rendering the indictment liable to the objection that it charges more than one offense; for, if the defendant be guilty of as many offenses as there are persons libeled, he can not complain because the Commonwealth has seen proper to regard the entire publication as one offense. And this is true, although the acts condemned by the libel may have been committed by the several persons named therein at different times.

3. SAME.—Under such an indictment the defendant may justify as to the libel on the one, where the statements are divisible, and plead not guilty as to the libels on the others; but where the defense omits or fails to deny statements in the indictment that are libelous, and attempts to justify other statements, the prosecution has then made out the case, and the defendant will be subjected to punishment for the libel admitted.

4. SAME—EVIDENCE.—The defendant in this case being indicted for a libel by reason of the publication of a writing condemning the official action of the sheriff and jury upon the trial of a writ of *ad quod damnum*, and the action of the circuit judge who subsequently tried the case upon appeal, upon the trial the entire publication was read in evidence over the defendant's objection. The instructions were based alone on the libelous matter, so far as it related to the action of the judge. *Held*—That the entire publication was competent, as it would have been, for the purpose of showing the animus of defendant in its publication, if the indictment had been framed alone on the charges made against the circuit judge.

WM. LINDSAY, MULLIGAN & BEAUCHAMP AND D. J. FALCONER FOR APPELLANT.

1. An indictment for libel charging publication in general terms, without setting forth the mode or manner of publication, is not good. (Criminal Code, sec. 124; Commonwealth v. Williams, 13 Bush, 268.)

Tracy v. Commonwealth.

2. An indictment charging the publication of a libel referring to the con
duct of several persons and to their acts at different times, and discon-
nected, is bad for duplicity. (Bishop on Criminal Procedure, sec.
437.)

P. W. HARDIN, ATTORNEY-GENERAL, FOR APPELLEE.

No brief in record.

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

This is an appeal from the judgment below, impos-
ing a fine on the appellant for an alleged criminal libel,
under an indictment of the Fayette Circuit Court, in
which the defendant is charged with having willfully
and maliciously composed and caused to be printed
and published of and concerning W. D. Nicholas, late
sheriff of Fayette county, and the jury before whom
the value of certain landed property was tried on a
writ of *ad quod damnum* obtained by the Lexington
and Big Sandy Railroad Company against the appel-
lant and others, and of and concerning J. R. Morton,
the presiding judge of the Fayette Circuit Court, be-
fore whom the case was subsequently tried, " *a certain
false, scandalous and malicious libel*, one part of
which is as follows," the pleader proceeding to charge
such libelous matter in reference to the sheriff as made
him, if true, a corrupt official, and then proceeds,
"another part whereof is of the tenor following: ' I
am indignant, and forced to say to the public, that
the ruling of Judge Morton (meaning the Judge of
the Fayette Circuit Court) is unjust and a disgrace
to his position. He denied me the right of a trial by
jury because he did not want it out of his hands, as
he could not decide in favor of the railroad company

as he has done.'" This libelous matter appearing in the newspapers published in the city of Lexington, the indictment followed, resulting in a fine of five hundred dollars.

The accused filed a general and a special demurrer to the indictment, the ground of the special demurrer being that the Commonwealth, in one count of the indictment (and it contains but one), had charged him with committing two or more public offenses. The demurrers were overruled, and the defendant pleaded not guilty.

It is evident that the defendant, in publishing the libelous matter in which he maligned the judge and misrepresented his official conduct, went beyond the bounds of legitimate criticism, and we shall, therefore, notice only the grounds urged by counsel for a reversal.

It is insisted that as there are so many ways of printing and publishing written productions, the statements of an indictment should contain the manner in which the printing and publication were made, and in support of this rule of pleading the attention of the court is called to the crime of forgery, where this court held, in the case of Commonwealth v. Williams, 13 Bush, 267, that as there were so many ways in which that offense can be committed, the indictment must inform the defendant of the particular acts relied on to constitute the offense, and also the acts showing how the paper was uttered; and for a like reason it is urged the manner of printing and publishing the libelous matter complained of should also be stated, as there are so many ways of printing and

publication. It is difficult, often, to determine what acts constitute forgery, or whether the act said to have been done by the accused amounts to the uttering of the forged paper, and for that reason, under our system of Code pleading, the statements of the indictment are required to be more specific in this class of cases than at common law, section 124 of the Criminal Code providing that the statements of the indictment must be direct and certain "as to the particular circumstances of the offense charged, if they be necessary to constitute a complete offense." Subsection 2 of section 122 also requires a statement of "the acts constituting the offense, in ordinary and concise language, and in such a manner as to enable a person of ordinary understanding to know what is intended."

The crime of forgery may be committed by signing the name of another without authority, or by causing another to sign the name, or by altering a writing already signed, and while the trial judge will know the legal meaning to be given the word forgery, and the acts necessary to constitute the offense, a charge in an indictment that the accused committed forgery by altering a certain instrument of writing, etc., is but the conclusion of the pleader, and fails to inform the accused of the facts necessary to make the offense complete. So one may be guilty of libel, which is simply a malicious defamation of another, but as this may be done in various ways, such as by printing, writing, sign or picture, it becomes necessary to state in the indictment the facts necessary to constitute the offense in such a way as one of ordinary

understanding may know what charge he has to meet.

It is averred in the indictment before us that the defendant *did unlawfully and maliciously compose, write and cause to be printed and published of and concerning, etc.* These facts, with the ordinary averments following, as in this case, constituted a complete offense, either at the common law or under the Code, and apprised the defendant of every fact necessary to constitute the offense with which he stood charged. The facts are, that you composed and caused to be printed and published this libelous matter, and any one with ordinary understanding must know what was intended and specifically charged. It is also averred that the accused caused the publication to be made, which in effect was saying that it was published by another by his direction, and if not, we are not disposed to hold that such an averment as that it was printed and published is a mere legal conclusion. It is as much a fact as the statement that it was composed or written by the defendant. The words have a plain common sense meaning, and require no legal interpreter to inform the accused of the offense he is charged with having committed.

It is further argued that the indictment is fatally defective, because two distinct and separate libels are attempted to be charged. The entire printed matter containing the libel is but one writing, signed by the defendant and published in the Lexington papers. In that writing the defendant comments on the conduct of the sheriff and the jury, the tribunal trying the case, upon the inquisition as to value, etc., that trial having no connection with the act of Judge

Morton in refusing a jury trial, save as a history of
the proceeding to condemn the same land, the inquisi-
tion being held first by the sheriff, and then finding
its way under appellant's charter to the circuit court.
It was not an attempt on the part of the defendant
to criticise any single procedure in the circuit court,
but an effort to give a history of the attempt on the
part of the railroad to condemn defendant's property,
in which he attributes improper and dishonest motives
to the judge, sheriff and the jurors, or the most of
them, in the trial of his case.

It is argued that as the action of the circuit judge
assailed by the defendant was at a different time, and
independent of the action of the sheriff, that was also
criticised, the offenses were different, and the special
demurrer should have been sustained.   Whether these
libels can be regarded as independent acts of defama-
tion, and that being so, as many indictments can be
maintained as the number of persons he had defamed,
is one of some difficulty.   This was a single publica-
tion, in which a libel was contained on the judge,
sheriff and the jurors, the libelous matter being the
one act of the defendant in printing and publishing
the one communication in the newspapers of the city,
and although a libel on each person named, the Com-
monwealth had the right to indict the offender, and
treat the entire publication as one offense ; nor are we
prepared to say that in such a case the appellant could
be indicted for a criminal libel on each of the parties
named.   If the appellant has been guilty of as many
offenses as there are persons libeled, where the libel
is contained in a single writing, published at the

same time and by the same act, the defendant should not complain . because the Commonwealth has seen proper to regard the entire publication as one offense.

Mr. Bishop, in his treatise on Criminal Procedure, in considering this question, says: "It is now generally understood that a man may be indicted for the battery of two or more persons in the same count, or for a libel on two or more persons when the publication is one single act, without rendering the count bad for duplicity." (Sec. 192, 1st ed.) In Reg v. Giddins, Car. & M., 634, the defendant was charged with the offense of robbery in assaulting and robbing two persons (naming them) at the same time. Counsel insisted that this pleading was bad for duplicity, and the court responded that but one act had been charged. (See also Rex v. Renfield, 2 Burrows, 980.)

Libel is a public wrong. The publication is in effect a breach of the peace; it produces public mischief, and for that reason is an indictable offense. It is a breach of the peace whether published as to one or more persons. The more persons affected by the libelous matter the greater the public wrong; but the one act of publication is the libel complained of. If a several injury has been inflicted by the publication of the defamatory matter, the parties injured may each seek redress by a civil action.

Under the rule of the common law, as the truth of the matter alleged to be libelous was inadmissible as a defense in a prosecution for libel, it is for that reason insisted, that as the truth may be pleaded under our Constitution and laws in justification of the offense, that where the libelous matter affects more than one

in the same publication, the defense may desire to justify as to the one and not as to the other, and, therefore, there should be a severance in the charge.

We see no reason why the defense may not plead the facts under such an indictment, in the same manner that he would be allowed to plead in an indictment for assaulting two persons at the same time. He might plead *son assault demesne* as to one and not guilty as to the other.

That he may justify as to the libel on the one, where the statements are divisible, and plead not guilty as to the other charges we have no doubt; but where the defense omits or fails to deny statements in the indictment that are libelous, and attempts to justify other statements, the prosecution has then made out the case, and the defendant will be subjected to punishment for the libel admitted. Starkie on Slander and Libel says: "If a libel contain statements that are divisible, one or more of such statements may be justified apart from the rest, if a proper justification can be made out." (Folkard's Starkie, section 489, page 533.) Besides, the evidence in this case shows that the defendant caused the libel to be published in the Lexington Press, the Transcript, and the Evening Advertiser; and when the witness was being examined he was asked to read the article, and having read as far as comments had been made by the defendant on the sheriff or his official conduct, the defense objected to any further reading, for the reason that what followed related to the circuit judge (Judge Morton); the objection was overruled, and the entire article read to the jury.

When the case was submitted an instruction was given, based alone on the libelous matter so far as it reflected on the official action of Judge Morton, in the conduct of the trial between the appellant and the railroad company. So the appellant at last was made to respond only to the charge made against the judge, and not for libel on the sheriff and jurors. If the indictment had been framed alone on the charge made against the circuit judge, the entire article being one, although separate statements made in it, was competent to be read to the jury for the purpose of showing the animus of the defendant in its publication. In our opinion no error has been committed to the prejudice of the appellant, and the judgment is affirmed with damages.