STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. JOHN COSGROVE, JR., PLAINTIFF IN ERROR.

Argued October 26, 1926—Decided January 31, 1927.

1. Where the crimes of manslaughter and atrocious assault and battery were both the product of the same identical act, and there was a conviction or acquittal under one of the indictments for the alleged crime, a plea of *autrefois convict* or of *autrefois acquit*, as the case may be, is a good plea in bar to the trial of the other indictment.

2. The plaintiff in error was indicted, tried and acquitted on a charge of manslaughter for causing the death of Mary Mullaney, and was also indicted for atrocious assault and battery upon Lillian Dowling, both of which alleged crimes grew out of the same identical act, which was the reckless driving of an automobile by the plaintiff in error, along a public highway and whereby both M. M. and L. D., who were crossing the highway together, hand in hand, were struck and injured by the automobile, with the result that the former died of her injuries and the latter recovered. The plaintiff in error being subsequently arraigned to answer the indictment for atrocious assault and battery upon L. D., he pleaded his former acquittal on the charge of manslaughter, which plea was overruled by the trial court, and the trial proceeded. and the plaintiff in error being convicted, and judgment having been given upon such conviction, an appeal was taken to the Supreme Court, which tribunal affirmed the judgment of the trial court. *Held*, that the acquittal of the

plaintiff in error was a valid plea in bar to the indictment for atrocious assault and battery, since both crimes were the product of the same identical unlawful act, and therefore the overruling of the plea of *autrefois acquit* was error, and hence the conviction must be set aside.

On error to the Supreme Court, whose opinion is reported in 102 *N. J. L.* 255.

For the plaintiff in error, *Harold Simandl.*

For the defendant in error, *John O. Bigelow,* prosecutor of the pleas.

The opinion of the court was delivered by

KALISCH, J.    The plaintiff in error was convicted in the Essex County Quarter Sessions of atrocious assault and battery and was sentenced to the Essex county penitentiary for the term of eight months.   It appears from the record that he had been indicted and tried on a charge of manslaughter for causing the death of Mary Mullaney and was acquitted.   He was also indicted for atrocious assault and battery upon one Lillian Dowling, which assault and battery grew out of the same act that caused the death of Mary Mullaney.

The facts on which the indictment of manslaughter and the indictment for atrocious assault and battery were predicated are as follows:   While Mary Mullaney and Lillian Dowling were crossing Bloomfield avenue, in Newark, hand in hand, they were run into and knocked down by an automobile operated by the plaintiff in error and, as a result of the defendant's act, Mary Mullaney sustained injuries causing her death, and Lillian Dowling received injuries from which she recovered.

The plaintiff in error filed a plea of *autrefois acquit,* to which pleading the state filed a replication, and issue being joined, the matter came on for trial and the fact underlying the indictment, that is, that the assault and battery was the product of the same act which was made the basis of the indictment for causing the death of Mary Mullaney, being

conceded, nevertheless, the trial judge directed a verdict in favor of the state upon the theory that because on the indictment for manslaughter the plaintiff could not be convicted of atrocious assault and battery, and as assault and battery was not an integral part of the offense, hence, he was not being tried twice for the same offense on an indictment charging him with atrocious assault and battery.

When the case came up for review in the Supreme Court, on a writ of error that tribunal affirmed the judgment of the Quarter Sessions, and in answer to the contention of counsel for plaintiff in error that "inasmuch as both indictments grew out of the same occurrence, and inasmuch as manslaughter is a higher grade of crime than assault and battery and defendant was acquitted on an indictment for manslaughter though the victim was different, the acquittal of manslaughter bars the further prosecution of the indictment for atrocious assault," declared in its opinion, as follows: "We consider, however, that the present point is not well taken, and for the reason which we deem fundamental, that, in order to support a plea of *autrefois acquit,* it must appear that, under the other indictment the defendant could have been convicted of the same character of crime as that now charged; and it has been definitely held in this state there cannot be a conviction of assault and battery under an indictment for manslaughter, for the reason that manslaughter does not necessarily involve assault and battery   *   *   *.   We consider, therefore, that, as manslaughter does not necessarily involve assault and battery, an acquittal of that crime does not bar the prosecution for assault and battery, especially when charged as committed on another person."

These views of the trial judge and of the Supreme Court are an erroneous conception of the law as declared by this court in *State* v. *Cooper,* 13 *N. J. L.* 361; *State* v. *Rosa,* 72 *Id.* 462; *State* v. *Mowser,* 92 *Id.* 474.

In the case of State *v.* Cooper, the defendant was indicted for murder. He pleaded a prior conviction of the crime of arson. It appeared that having set fire to the dwelling house the person, subject of the indictment for murder, was burned to death, as a result of the arson. The court sustained the

plea of *autrefois convict* as a bar to the indictment for murder upon the ground that both crimes were the direct product of the same act. Of course, it is manifest that under an indictment for arson there could not properly be a conviction for the crime of murder, but startingly to the contrary of this truism is the reasoning of the Supreme Court in declaring, "as manslaughter does not necessarily involve assault and battery an acquittal of that crime does not bar the prosecution for assault and battery, especially when charged as committed on another person." As has been pointed out this is clearly not the test and is contrary to the adjudged cases in this state.

The case of *State* v. *Cooper, supra,* decided in 1833, because of the impregnable soundness of the doctrine there laid down, relating to the subject-matter under review here, has been repeatedly cited with approval not only by the courts of this state but also by the courts of sister states. A phase of the doctrine of the cited case, akin to the question *sub judice,* received attention and consideration in *State* v. *Rosa, supra,* where this court held that a plea of *autrefois acquit* was bad, unless it appeared that the same act produced both results which were the subject-matter of the two indictments, both being indictments for murder. And, again, in *State* v. *Mowser, supra,* this court reaffirmed the doctrine laid down in the Cooper case, holding that where both crimes were the product of the same identical act, and there was a conviction or an acquittal under one of the indictments for the alleged crime, a plea of *autrefois convict* or *autrefois acquit,* as the case may be, is a good plea in bar to the trial of the other indictment.

Having reached the conclusion that the plea of *autrefois acquit,* under the facts of this case, was a good plea in bar to the indictment, and that it was prejudicial error to overrule the plea, it becomes unnecessary to pass upon the other grounds relied on for a reversal of the judgment.

The judgment of the Essex County Quarter Session is reversed to the end that a judgment be entered in said court for the defendant on his plea of *autrefois acquit,* and that he go without day, &c.

*For affirmance*—None.

*For reversal*—The Chancellor, Chief Justice, Tren-
chard, Minturn, Kalisch, Black, Campbell, Lloyd, Van
Buskirk, McGlennon, Kays, Hetfield, JJ.   12.