COURT OF QUARTER SESSIONS, ESSEX COUNTY.

THE STATE OF NEW JERSEY v. MARNA S. POULSON,
DEFENDANT.

For the motion, *Wilbur A. Heisley.*

Opposed, *Simon L. Fisch,* first assistant prosecutor of the pleas.

FLANNAGAN, J. This is a demurrer to an indictment and a motion to quash the same for alleged duplicity.

It is claimed by defendant that the indictment alleges that the defendant by a libelous article (alleged to have been procured by him to be published) charged a criminal offense or offenses against two judges and another and unrelated criminal offense as to a third judge, and a still different offense (malfeasance) against all three of such judges, and that the indictment thus charges the defendant with publishing three distinct libels involving three different persons and is thus duplicitous.

An examination of the indictment shows that the libelous charges are not unrelated, but are all connected with one general sweeping charge charging the existence of a vicious combination between organized vice and law enforcement officials accounting for gambling and liquor selling and other vices being rampant in the city. While the charges as to two of the·judges are more general than those as to the third, the

latter being charged as more particularly connected with liquor selling, still the charges are all related to the same general allegations.

Let us, however, approach the matter from the standpoint of defendant's contention that the charges are unrelated.

A libel on two or more persons, though not associated, charging them with offenses different in character, but contained in a single writing, and published by a single act, constitutes but one offense. The gist of the crime of libel is that it tends to affect injuriously the peace and good order of society rather than the injury to the several individuals libeled. 37 *C. J.*, 147, § 669; 22 *Cyc.* 383. *Tracy* v. *Commissioners,* 87 *Ky.* 578, 583, 586; *State* v. *Hoskins,* 60 *Minn.* 168, 169, 171; 27 *L. R. A.* 412, 413; *State* v. *Hosmer,* 72 *Oreg.* 57, 58, 69, 70; *Roberts* v. *State,* 51 *Tex. Cr. Rep.* 27, 28. The alleged libelous charges in the indictment are all alleged to have been contained in a single writing and to have been procured to be published by a single act.

The practice which the defendant contends is necessary would require two or more indictments, thereby separating the several charges or references to the different judges. In other words, separating under different indictments what defendant contends are different libels, but which are now set up in the one present indictment.

If such a procedure were followed, then, after a trial on any one of the indictments, all the libels having been contained in one newspaper article and by a single act procured by defendant to be published, a plea of *autrefois acquit* or *autrefois convict* would be good as to all the other libels contained in the other indictments. *State* v. *Cosgrove,* 135 *Atl. Rep.* 871, 872; *State* v. *Cooper,* 13 *L. Ed.* 361, 371, 376; *State* v. *Mowser,* 92 *Id.* 474, 478, 485. Hence, if there be several libels in the article in question, and the defendant cannot be called upon to answer for his statements against the three officials by setting them forth in the same indictment, then he cannot be called upon to answer for all of them at all, but can only be called upon to answer for such allegations as constitute one libel against one official set forth

in the one indictment, which may happen to be the first one tried. Our practice I am sure cannot be such as to necessitate such a result.

The defendant is not prejudiced by having all his charges placed before a jury in the same indictment, as his entire article would be admissible in evidence even if the several charges were separated into separate libels · under different indictments, as he argues they should be. *State* v. *Dedge, 5 N. J. Adv. R.* 296.; *Commonwealth* v. *Swallow, 8 Pa. Super.* 541, 607; *First National Bank* v. *Winters, 225 N. Y.* 48, 51.

I hold that the indictment alleges but one libel and but one crime on the part of defendant, even though it be conceded, for the motion, that the publication sets out different unrelated offenses, and that they were committed by different officials.

The demurrer is overruled and the motion to quash denied.