## 41401. WATERS v. THE STATE.

PANNELL, Judge. 1. "In order to sustain a plea of former jeopardy, it is always incumbent upon the defendant to plead and prove that the transaction charged in the second indictment is the same as a matter of fact as that charged in the first indictment under which he was put in jeopardy. In addition to pleading and proving that the transaction is the same as a matter of fact, it is also necessary to plead and prove: either (a) that the transaction charged in the second indictment is an offense which is identical in law with that charged in the first indictment, or else that under the actual terms of the first indictment proof of the second offense was made necessary as an essential ingredient of the offense as first charged; or (b) that the transaction charged in the second indictment is an offense which represents either a major or minor grade of the same offense, of which the defendant might be convicted under an indictment for the major offense; or (c) where the transactions are the same as a matter of fact, even though the offenses be not identical or in effect identical as a matter of law, so as to come within

the scope of the preceding subsections (a) or (b), he may nevertheless, under the principles of res judicata which may be included in a plea under the broader doctrine of former jeopardy, show that his acquittal on the first charge was necessarily controlled by the determination of some particular issue or issues of fact which would preclude his conviction of the second charge." *Harris v. State,* 193 Ga. 109 (17 SE2d 573, 147 ALR 980). *Howell v. State,* 28 Ga. App. 501 (111 SE 676); *Martin v. State,* 77 Ga. App. 297 (48 SE2d 485); *Wellons v. State,* 77 Ga. App. 652 (48 SE2d 922); *Moore v. State,* 12 Ga. App. 576, 578 (77 SE 1132); *Miller v. State,* 58 Ga. 200, 203 (2); *Gully v. State,* 116 Ga. 527, 529 (42 SE 790). See also, People v. Townsend, 214 Mich. 267 (183 NW 177); State v. Empey, 65 Utah 609 (239 P 25, 44 ALR 558).

2. Where one pleads guilty to the offense of driving an automobile on the public highways of this State while under the influence of intoxicants and to the offense of failing to yield the right of way to approaching traffic, a plea of autrefois convict filed to a charge of murder in the commission of the same unlawful acts, is not sustainable. Murder involves an assault upon a person; violation of traffic regulations does not. While murder, or manslaughter, may result from such unlawful acts in violating traffic regulations in a particular case, and in that sense the offenses may be said to arise out of the same occurrence, the charge of murder involves the additional factor of assault upon a person which is not involved in the violation of the traffic regulations and does not, therefore, involve the same transaction within the meaning of the same transaction rule. Whether an acquittal of these offenses would have supported the plea of autrefois acquit is not a question presented for decision. The judgment of the trial court in sustaining the demurrer to the plea of autrefois convict is

*Affirmed. Nichols, P. J., and Eberhardt, J., concur.*

ARGUED JULY 7, 1965—DECIDED SEPTEMBER 8, 1965.

*Thomas A. Travis, Jr., Cyril F. Musser,* for plaintiff in error. *Howard Wallace, Solicitor General pro tem., Charles J. Driebe,* contra.