44691.   POWELL v. THE STATE.

HALL, Judge. In 1968 Edward Powell was indicted for the offense of arson, the charge reciting that on October 16 he "did wilfully and maliciously set fire and cause to be burned by the aiding and counseling and procuring the burning of one 1967 Buick automobile, I.D. #484397 H 108282, the personal property of Edward Lamar Powell." Upon trial and after the State had introduced some evidence, the trial judge asked the prosecutor under exactly which code section the State was proceeding. When he answered *Code Ann.* § 26-2210 (third-degree arson), the court immediately directed an acquittal—third-degree arson being burning the property of another. *Jones v. State,* 214 Ga. 163 (103 SE2d

559). Powell was then indicted for burning the same automobile on the same day to defraud an insurance company. *Code Ann.* § 26-2213. He entered a plea of autrefois acquit which the court denied. This is an appeal from this order which the trial court certifies is subject to review.

Whether Powell was formerly in jeopardy, and therefore barred from further prosecution for the alleged act of burning, depends upon whether the first indictment would have authorized a conviction for the present charge even though it was void for third degree arson. Under all the usual tests, the answer is no. (1) Burning to defraud an insurer is not a lesser offense included in the greater one of third-degree arson because each is a separate and distinct offense; (2) burning with intent to defraud is not an essential element of third-degree arson; (3) the indictment for arson did not include all the legal and factual elements of burning to defraud; specifically, that the car was insured and that defendant intended to defraud the insurer. *Harris v. State,* 193 Ga. 109 (17 SE2d 573, 147 ALR 980) ; *Bell v. State,* 103 Ga. 397 (30 SE 294).

Since Powell could not have been convicted under the first indictment for violating *Code Ann.* § 26-2213, or for any other offense, he was never in jeopardy, as tested by a motion in arrest of judgment. *Simmons v. State,* 106 Ga. 355 (32 SE 399).

On the related question of res judicata, Powell argues that having been tried and acquitted for third-degree arson, the jury must have found in his favor on the factual question of whether he burned the automobile; therefore the State may not prosecute him further for any offense in which the burning is a necessary element. However, the criminal law application of the doctrine of res judicata requires the defendant to show "that his acquittal on the first charge was necessarily controlled by the determination of some particular issue or issues of fact which would preclude his conviction of the second charge." *Harris v. State,* 193 Ga. 109 (1), supra; *Waters v. State,* 112 Ga. App. 201 (144 SE2d 477).

Powell's acquittal here was not controlled by a finding that he did not burn the car. The record shows the court directed an acquittal on the grounds that the indictment was void and charged no offense. The trial court properly denied defendant's plea of autrefois acquit.

*Judgment affirmed. Jordan, P. J., and Whitman, J., concur.*

ARGUED SEPTEMBER 8, 1969—DECIDED JANUARY 16, 1970—
REHEARING DENIED JANUARY 28, 1970—

*G. Gerald Kunes, Larry Cohran,* for appellant.

*Edward E. McGarity, District Attorney, Charles J. Driebe,* for appellee.