46152.   POWELL v. THE STATE.

JORDAN, Presiding Judge. The accused appeals from a conviction and sentence for his alleged participation in the burning of his automobile to defraud an insurer, in violation of the provisions of Ga. L. 1949, pp. 1118, 1122 (*Code Ann.* § 26-2213). For previous litigation, see *Powell v. State,* 121 Ga. App. 57 (172 SE2d 455).

The sole connection of the accused with the offense is dependent upon the testimony of a confessed accomplice, who testified regarding discussions with Powell before the burning. Powell had said he wanted to get rid of the automobile, which had

been damaged in a collision. The final discussion took place in a motel room, and during the conversation there the witness told Powell he "had found a fellow that said he'd get rid of the car." Powell told him to "get rid of the car" but "he didn't say to burn the car." When the witness left the motel he took the automobile with him. While Powell in his unsworn statement admitted talking to the witness, he said, "I never at no time told him to burn nothing."

Even if it be conceded that the testimony of the confessed accomplice may warrant an inference of Powell's participation in the felony offense (but see *Lewis v. American Road Ins. Co.,* 119 Ga. App. 507, 511 (167 SE2d 729)), "in any case of felony where the only witness is an accomplice" there must be corroborating circumstances to dispense with the need of another witness. *Code* § 38-121. The corroboration must connect the accused with the alleged crime. *Pritchard v. State,* 224 Ga. 776 (1) (164 SE2d 808). For numerous other cases, see annotations under the catchwords, "Connection of prisoner" and "Corroboration," *Code* § 38-121. The evidence being insufficient to support the conviction, the trial judge erred in overruling the motion for a new trial. It is unnecessary to consider the remaining enumerations involving matters unlikely to occur in the same manner in the event of another trial.

*Judgment reversed. Quillian and Evans, JJ., concur.*
Argued May 5, 1971—Decided May 18, 1971.

*G. Gerald Kunes,* for appellant.

*Edward E. McGarity, District Attorney, Charles J. Driebe,* for appellee.