Holt *vs.* The State of Georgia.

JOHN HOLT, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

| 38 | 187 |
| 85 | 717 |
| 38 | 187 |
| 103 | 400 |
| 38 | 187 |
| 116 | 529 |
| 38 | 187 |
| p122 | 722 |
| 38 | 187 |
| c124 | 449 |

Where a party has been discharged and acquitted by the order of the Court, as provided by the 4554th section of the Code, of an offence for which he was indicted, and is afterwards indicted a second time for the *same criminal acts* as alleged in the first indictment, though under a different *named offence*, he may plead his discharge and acquittal under the first indictment, in bar of the second.

*Autre fois acquit.* Demurrer. Decided by Judge KNIGHT. Gilmer Superior Court. October Term, 1868.

At October Term, 1865, of said Court, John Holt and six others were indicted for assault with intent to murder. The indictment charged that, on the 10th day of August, 1865, in said county, said defendants, with a loaded pistol, willfully, feloniously, and of their malice aforethought, assaulted Margaret Ralston, and shot at her, etc., with intent, then and there, to murder her. It was unexceptionable as to form.

At May Term, 1866, of said Court, five of the defendants, including Holt, demanded a trial, and a jury being empannelled, and no trial being had at that term, the Court ordered that they be tried during the next term, or discharged and acquitted of said offence. At the October Term, 1866, there

being proper juries to try said case, the defendants being ready, and demanding trial, and no trial being had, the Court ordered that said defendants " be absolutely discharged and acquitted of the offence charged in the said indictment."

. At May Term, 1867, another indictment was found, charging six persons of the same names, (as those before charged,) with the offence of aggravated riot. It was in proper form, specifying that they, on the 10th day of August, 1865, in said county, feloniously and maliciously, with a loaded pistol, struck and beat and shot at one Margaret Ralston, with a pistol, said pistol being loaded with gun-powder and one leaden ball, being an instrument likely to produce death, etc. Upon this last indictment, three of said five defendants were arraigned for trial. They plead the former indictment, and orders; that they were the identical persons who had been so discharged and acquitted, and that the felony charged in said last indictment, was the identical felony charged in said first indictment, and not another and different felony, and also plead not guilty.

The Solicitor General demurred to the plea of former acquittal, and after argument, the Court sustained the demurrer, and overruled that plea, upon the ground that it was no bar to said trial. The case was then continued, as to Holt, (the other two were tried, and found not guilty,) and he now assigns as error the order overruling said plea of former acquittal.

GEO. D. RICE and JAS. R. BROWN, (by the Reporter,) for plaintiffs in error, cited 2d Hale's P. C., 244; Rix vs. Shern, 2d C. & P., 634; State vs. Ray, 1st Rice, 1; *Roberts & Copenhaven vs. the State,* 14 *Ga. R.,* 8: 3d Gr. Ev., sec. 36, and note, and State vs. Shepard, 7 Conn., 54.

S. C. JOHNSON, Solicitor General, for the State.

Holt *vs.* The State of Georgia.

WARNER, J.

The error assigned to the judgment of the Court below is, in sustaining the demurrer to the defendants' plea of *former acquittal* by the order and judgment of the Court, as provided by the 4554th section of the Code. In the first indictment, the defendants are charged with shooting at Margaret Ralston with a loaded pistol, on the 10th day of August, 1865, feloniously and of their malice aforethought, with intent to murder her. In the second indictment, the defendants are charged on the same day, in the same county, with having feloniously and maliciously shot a loaded pistol at Margaret Ralston, striking and beating her. It is true that the first indictment charges the defendants with an assault with intent to murder Margaret Ralston, and the second indictment charges them with an aggravated riot. The plea alleges that the defendants are now indicted for the *same acts* as charged in the former indictment, for which they have been *acquitted*, and the demurrer to the plea admits the truth thereof. If the defendants have been legally acquitted for the *same criminal acts* in the first indictment, as are now charged against them in the second indictment, though a different name is given to the offence in the second indictment, it is extremely difficult to perceive upon what principle they can be *twice* tried for the same *criminal acts;* although, *technically,* it may not be for the same offence in *name.* Can the State put a party upon trial the second time for the *same criminal act* after he has been *acquitted,* by changing the *name* of the accusation? If it can, then his constitutional protection does not amount to much. The effort here is, to *evade* the provision of the constitution by changing the name of the *offence.* The record shows that the defendants have been indicted the second time for the same *identical criminal acts* for which they have been *acquitted,* but the reply is, that you are not indicted for the same criminal *offence;* therefore, the former indictment and acquittal is no bar. If the State thinks proper, by its prosecuting officer, to indict a party for an assault with intent to murder, upon a given state of facts, and upon the trial there-

of, the defendant is *acquitted,* can the State then prefer another indictment, alleging precisely the same state of facts, (with the exception of the malicious intent,) and put the party again upon his trial for the *same criminal acts,* by altering the *name of the offence?*   The State, having made its election as to the nature and character of the offence, for which it will prosecute the party upon a given state of facts, if, upon the trial, the defendant is *acquitted,* ought not the State to be bound by its *election,* and not be permitted again to indict and prosecute the defendant for the same *criminal acts,* under the name of another offence?   The question to be answered is, has the defendant been arraigned and put upon his trial upon a sufficient legal accusation, for the *same criminal acts* with which he is charged the *second time?*   If he has, then he has been put in jeopardy, within the true intent and meaning of the constitution, and cannot be tried the second time for the same criminal acts, under the same, or a different named offence.   To hold otherwise, would be to hold that provision of the constitution which declares, "nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb," for all *practical* purposes, to be a mere *shadow,* and *delusion.*   These views, are in accordance with the ruling of this Court, in *Roberts & Copenhaven vs. the State,* 14*th Ga. Rep.,* 8.   In that case this Court stated the rule to be, "that the plea of *auterfoits acquit* or *convict* is sufficient, whenever the proof shews the second case to be the *same transaction* with the first."   Let the judgment of the Court below be reversed.