BUHLER *vs* THE STATE OF GEORGIA.

B. was indicted for stealing a cow from H.; was tried and acquitted. He was again indicted for stealing a cow from H., the description being different from that in the first indictment. He pleaded *autre fois acquit*. On the trial, it appeared that H. never had but one cow, and it was for the stealing of that cow that B. was indicted, and concerning it H. testified in both cases:

*Held*, that a verdict of guilty was contrary to law.

Criminal law. Verdict. Before Judge HILLYER. Fulton Superior Court. March Term, 1879.

Reported in the decision.

S. B. SPENCER, for plaintiff in error.

B. H. HILL, Jr., solicitor general; J. McAFEE, solicitor *pro tem.*, for the state.

WARNER, Chief Justice.

The defendant was indicted for the offense of "simple larceny," and charged with stealing one brindle cow, with one horn knocked off about two inches from the point of the horn, white spot in her forehead, and white on her tail from the butt about a foot, of the value of $10.00, the property of Peter Howell. On the trial of the case the jury found the defendant guilty. A motion was made for a new trial on the grounds therein stated, which was overruled, and the defendant excepted. It appears from the record and bill of exceptions that at the same term of the court a bill of indictment had been found against the defendant for the

offense of simple larceny, charging him with having stolen a small red cow, with cloven hoofs and horns, of the value of $7.00, the property of Peter Howell; and that upon this last mentioned bill of indictment the defendant was put upon his trial, and a verdict of not guilty was found by the jury. Then the first mentioned bill of indictment was found against him, and when put upon his trial upon that indictment, the defendant pleaded in bar his former jeopardy and acquittal upon the indictment first found against him. The court overruled the defendant's plea in bar, but allowed evidence to be introduced for the purpose of showing whether or not the offense charged in the second indictment was the same transaction as that charged in the first indictment, in accordance with the rulings of this court in *Roberts & Copenhaven vs. The State*,14 *Ga.*, 8, and *Holt vs. The State*, 38 *Ga.*, 187. The court charged the jury in relation to this point in the case, that if they found from the evidence that the defendant had been already tried for the same offense, and if the matter wherewith he was then put in jeopardy was the same transaction as that on which he is now sought to be tried, and the state now seeks to try or convict him again, it would be a complete bar to this prosecution, no matter what its merits might otherwise be. But if you do not find that it is the same transaction, it would not be a bar. There was no conflict in the evidence that the defendant was indicted for the same transaction in both cases, to-wit: for stealing Peter Howell's cow. The evidence was that he did not have but one cow, never lost but one cow, and that he testified on both trials in relation to the same cow having been stolen from him, and never prosecuted the defendant for stealing but the one cow; so that the stealing of Peter Howell's only cow was the same transaction for which the defendant was indicted in both cases, according to the undisputed evidence in the record. The verdict of the jury was contrary to the charge of the court, and was therefore contrary to the law, and it was error in not granting a new trial upon that ground.

Let the judgment of the court below be reversed.