## GOODE vs. THE STATE OF GEORGIA.

Where a defendant was tried and acquitted under an indictment charging him with larceny from the house and alleging the ownership of the house and of the goods stolen to be in the prosecutor, and was subsequently arraigned under another indictment for larceny from the house, alleging a different ownership of the house, and of the goods stolen, and a different day on which the offence was committed, a plea of *autre fois acquit*, setting out fully the first indictment and the proceedings had thereunder, and averring that the transactions embraced in both indictments were one and the same, was good and should not have been stricken on demurrer.

(a.) The facts in this case are the reverse of those in 63 *Ga.*, 307.

(b.) The first indictment does not appear to have been defective. The place of the larceny was stated with sufficient certainty to enable the jury easily to understand, with the aid of proof, the house indicated; and, though the goods alleged to belong to the prosecutor in fact belonged to a firm of which he was a member, he had a right to their custody. Even if the indictment did not fully and accurately describe these circumstances, it would not prevent the defendant from pleading former acquittal.

November 6, 1883.

Criminal Law. Former Acquittal. Verdict. Before Judge BRANHAM. Henry Superior Court. April Term, 1883.

Richard Goode was indicted for larceny from the house, and was acquitted. The body of the indictment was as follows:

"The grand jurors * * * charge and accuse Richard Goode, of the county and state aforesaid, of the offence of larceny from the house; for that the said Richard Goode, on the first day of September, in the year 1880, in the county aforesaid, did then and there, with force and arms, the house of one R. T. Harper, there situated, did enter in the daytime, and after having entered, two hams of bacon of the value of ten dollars, one hundred and ten dollars of United States treasury notes, or national bank bills, of the denomination of twenty, ten, five, two and one dollar bills, of the value of one hundred and ten dollars, ten dollars in silver coin in dollars, half dollars, quarters and ten cents, of the personal goods of the said R. T. Harper, in said store-house being then and there found, did wrongfully and fraudulently take and carry away, with the intent then and there to steal the same, contrary " etc.

He was then reindicted, the second indictment charging that on the first day of October, 1880, defendant committed the offence of larceny from the house. The ownership of the house was alleged to be in Mrs. M. E. Harper, and that of the goods stolen to be in Harper & Turner, a firm composed of R. T. Harper and G. F. Turner, doing business in the house. Defendant pleaded *autre fois acquit*, alleging that the two indictments were based on the same transaction, and were, in fact, two indictments for the same crime. On demurrer, the plea was stricken, and defendant excepted.

J. L. TYE; S. C. McDANIEL; W. H. HULSEY, for plaintiff in error.

E. WOMACK, solicitor general, for the state.

HALL, Justice.

Richard Goode was indicted, tried and acquitted upon an indictment charging him with larceny from the house. The larceny was charged to have been committed in a house belonging to R. T. Harper, the prosecutor, and the goods stolen were charged to be his property.

Upon his acquittal, he was held and another bill of indictment was preferred and found, charging him with the same offence, in stealing in a house belonging to M. E. Harper, the goods jointly owned by R. T. Harper & Turner. A different day was alleged in this indictment from that laid in the first on which the theft was committed. When the defendant in this last indictment was arraigned and called upon to answer to it, he pleaded *autre fois acquit*, setting out in his plea the first indictment and the proceedings had thereon *in hæc verba*, and averring that the transactions embraced in both indictments were one and the same. This he offered to prove and demanded judgment upon his plea. Instead of taking issue thereon, the state demurred to this plea, and the demurrer was sustained,

and this makes the question presented for our determination.

It does not appear that the first indictment was defective; indeed the plea avers that it was not, though the larceny, out of which the prosecution grew, is differently set forth in the two indictments, as to the ownership of the house in which it was committed, and of the goods alleged to have been stolen, and the day on which the theft is charged to have been committed; and the discrepancies are fully explained by the plea, and what would seem to be distinct transactions upon the face of the indictments are fully identified as one and the same larceny.

"In all pleas of former acquittal or former conviction, the proof of the plea has to consist. partly of matter of record and partly not of record. And the identity of the two cases is the part of the plea which it is. the peculiar business of the evidence, which is not of record, to make out," per Benning, J., *Sweeny's* case, 16 *Ga.*, 468, 469. Affirmed in *Stringfield's* case, 25 *Ga.*, 476, in which McDonald, J., delivered the opinion. That the demurrer admitted the allegations in the plea, and that the identity of the crime charged in both indictments is therein fully and sufficiently set forth. has not been questioned. See a collection of all these cases on this particular subject admirably classified and arranged in Hopkins' Penal Laws, §1579 to 1581, both inclusive.

The case at bar falls within the principle settled in *Buhler's* case, 64 *Ga.*, 504, 505, and is controlled by it. There the defendant was indicted and convicted of stealing "a brindle cow, with one horn knocked off about two inches from the point of the horn, white spot in her forehead, and white on her tail from the but about a foot, of the value of $10.00, the property of Peter Howell." At the same term of the court the defendant had been tried and acquitted upon an indictment charging him with having stolen a small red cow with cloven hoofs, and horns, of the value of seven dollars, of the property of Peter

Howell. The acquittal on this indictment was pleaded in bar of the other, and it appearing that Peter Howell had but one cow, and that he had never prosecuted the defendant except for the stealing of the one cow, it was held that both indictments covered the same transaction, and that the acquittal on the first indictment tried barred the prosecution on the last and .entitled the defendant to his discharge.

It is true, that this court held in *Morgan's* case, 63 *Ga.*, 307, where a burglary was charged to have been committed in a dwelling-house of a certain woman, and it appeared in evidence that it was rented by her husband and occupied by him and his family, including her, and no other right or title to it in her was shown, the evidence did not support the indictment. Because, in legal contemplation, it was his house as the head of the family, and not hers." Precisely the reverse of this proposition is true here; the store-house in which the larceny was committed, though belonging to the wife, was in the occupancy of the husband and his partner, who were carrying on business in it at the time; he had a right to its possession, and the legal presumption on which Morgan's case was put did not exist in this case.

The place of the larceny set out in the first of these indictments was, under our system of criminal pleading, sufficiently certain to enable the jury easily to understand, with the aid of proper proof, the house indicated. Code, §4628. These considerations are equally applicable to the misdescription of the property in the goods alleged to have been stolen; true, they were not the goods of the prosecutor only, but belonged jointly to him and his partner; he was seized *per my and per tout*, he had a right to their custody, had them in his actual possession at the time, and upon conviction there would have been no difficulty in restoring them to the proper owner. *Stringfield's* case, 25 *Ga.*, *ut supra.*

Even conceding the correctness of the position as to

these minor matters assumed by counsel for the state, then it does not follow that the defendant could not have availed himself of an acquittal, where he was tried upon an indictment that did not fully and accurately describe these circumstances. The indictment upon its face was not defective, and the only material question for consideration is, whether the transaction set out in both indictments is the same.

The plea in this case was not demurrable, and the court erred in so holding.

Judgment reversed.