## LOCK *v.* THE STATE.

1. An indictment alleging that five named defendants " did commit an unlawful act of violence, to wit: did then and there, acting with a common intent, make an unlawful assault on one N. S. West and one L. S. Williams, and did then and there attempt to commit a personal injury " upon them, sufficiently described the offense of riot, as defined in the Penal Code, § 354.
2. A plea of autrefois acquit is legally sufficient when it alleges that the offense in the second indictment is identical with the offense which was or could have been made the subject of investigation under the first indictment, and further alleges an acquittal under the first indictment in a court of competent jurisdiction.

Submitted April 17, — Decided May 10, 1905.

Indictment for riot. Before Judge Burch. City court of Dublin. March 7, 1905.

*Howard & Baker* and *John R. Cooper,* for plaintiff in error.

*G. H. Williams,* solicitor, *J. M. Stubbs, W. C. Davis,* and *J. S. Adams,* contra.

EVANS, J.　J. Q. Lock was put upon trial in the city court of Dublin, under an indictment returned at the January term, 1905, of Laurens superior court, and transferred to the city court of Dublin for disposition and trial.　The indictment alleged that J. Q. Lock and four others, on the 24th of December, 1904, "with force and arms did commit an unlawful act of violence, to wit: did then and there, acting with a common intent, make an unlawful assault on one N. S. West and one L. S. Williams, and did then and there attempt to commit a personal injury on said N. S. West and L. S. Williams."　The accused, before arraignment, demurred to the indictment on the ground that its allegations were insufficient and that it did not charge any offense under the laws of this State.　This demurrer was overruled, and the accused thereupon filed his plea of autrefois acquit, therein making the following allegations:　At the January term, 1905, of Laurens superior court, the defendant was arraigned, tried, and acquitted before a jury on an indictment returned at that term of the court, charging him with the offense of assault with intent to murder, alleged to have been committed at the same time and place as in the present indictment, and on the trial the same evidence was had and the same issues made as exist and would necessarily be made in this case; that offense is the very same offense as that he is now charged with; the superior court of Laurens county had full jurisdiction to try him; both bills of indictment were found against him by the same grand jury, and the indictment for assault with intent to murder charged the following offense:　On December 24, 1904, J. Q. Lock and others (being the same persons as those named in the present indictment for riot) "feloniously and with malice aforethought, and with a certain razor and knife, the same being a weapon likely to produce death, in and upon one L. S. Williams, a human being, in the peace of the State then and there being, did make an assault with the intent the said L. S. Williams to kill and murder, and the said [accused] with said weapon, which they then and there held, did then and there unlawfully, feloniously, and with malice aforethought cut, stab, and wound the said L. S. Williams, with the intent aforesaid."　The defendant in his plea alleged that he had accordingly been put in jeopardy for the same offense as that with which he was now charged.　The solicitor demurred to this plea, on the ground that it was insuffi-

cient in law, and also filed a traverse thereto.    The court struck the plea as being insufficient in law, and the case proceeded to trial.    Complaint is made in the bill of exceptions that the court erred in overruling the defendant's demurrer to the indictment and in striking his plea of autrefois acquit.

1. The demurrer to the indictment was properly overruled ; the offense was charged in the language of the Penal Code, § 354.

2. The constitution of this State guarantees that no person shall be put in jeopardy of life or liberty more than once for the same offense, save on his or her own motion for a new trial after conviction, or in case of mistrial.    Civil Code, § 5705.    When one is put on trial for an offense, and his plea is that the same facts were involved in another charge against him for which he has been tried by a court of competent jurisdiction, he may plead the final result of the former trial in bar of the second prosecution.    In determining whether the first case is a bar to the prosecution of the second, the test is whether or not the same transaction is involved; that is, whether both indictments and the investigation that may be had thereunder relate to the same offense.    *Gully* v. *State*, 116 *Ga.* 530.    In the case just cited, the prior adjudications on the subject were all brought under review, and the conclusion was reached that the accused could successfully defeat a prosecution under the second indictment by identifying the offense charged in that indictment with the offense which was or could have been made the subject of investigation under the first indictment.    Among the cases reviewed was that of *Holt* v. *State*, 38 *Ga.* 187.    In all essential particulars the facts of that case and those of the case in hand are identical.    Holt was indicted for the offense of assault with intent to murder, and was, under that indictment, absolutely discharged and acquitted of the offense therein charged.    Subsequently he was indicted with six other persons for the offense of aggravated riot, and pleaded the former indictment and discharge, alleging that the defendants were the identical persons who had been discharged and acquitted, and that the crime charged in the last indictment was the identical offense charged in the first indictment and not another and different crime.    In the opinion Judge Warner propounded the query:    "Can the State put a party upon trial the second time for the *same criminal act* after

he has been *acquitted,* by changing the *name* of the accusation?" and answered this query by saying that the State, "having made its election as to the nature and character of the offense for which it will prosecute the party upon a given state of facts," ought, if the defendant was tried and acquitted, to be held bound by its election and not be permitted to again indict and prosecute him for the same criminal acts under the name of another offense.

It may be said that the facts appearing in the two indictments now under consideration are not altogether identical, in that the person upon whom the assault is alleged to have been committed is charged in the indictment for assault with intent to murder to be L. S. Williams, whereas in the indictment for riot the assault is alleged to have been made upon the persons of L. S. Williams and N. S. West. In the trial of the riot case, it would be incumbent on the State to prove that an assault was, as charged, committed upon both Williams and West; and the accused, after showing that the assault committed upon Williams was that referred to in the indictment upon which he had previously been tried, could successfully urge that he had been acquitted of the charge of making that assault, and that the evidence introduced by the State in regard thereto could not be considered by the jury. With this evidence excluded upon motion of the accused, no case against him would be made out, as, the State would necessarily fail to prove the offense as laid. The defendant's plea of autrefois acquit distinctly alleges that both indictments were based upon one and the same transaction, involving the facts and circumstances under which an assault was alleged to have been committed by him upon the person of Williams; and if this be true, then the acquittal of the defendant of the charge of assault with intent to murder operates as a bar to a conviction of riot under the indictment for that offense. The defendant should have been afforded an opportunity to sustain his plea by competent evidence.

*Judgment reversed. All the Justices concur, except Candler, J., absent.*