### ·9395.  DUNHAM *v.* THE STATE.

1. The first indictment charged the defendant with entering the store of Joseph Ayoup on Dasher street, with intent to steal goods therefrom. The second indictment charged the defendant with entering the store of Joseph Eyoup, situated at the corner of Ashley and Valley streets, with intent to steal goods therefrom. *Held:* The indictments showing that the stores alleged to have been entered were at different places, the larcenies must necessarily have been different transactions, and a plea of autrefois acquit to the second indictment, based on an acquittal under the first indictment, was properly stricken on demurrer.
2. The evidence amply authorized the verdict, and the court did not err in overruling the motion for a new trial.

DECIDED MARCH 6, 1918.

Indictment for entering with intent to steal; from Lowndes superior court—Judge Thomas.   November 19, 1917.

*Whitaker & Dukes,* for plaintiff in error.

*Fondren Mitchell, solicitor-general,* contra.

HARWELL, J.  Joe Dunham was indicted for a misdemeanor, the indictment charging that on the 24th of May, 1917, he entered the store of one Joseph Ayoup, with intent to steal the goods of said Joseph Ayoup in the said store.   It further alleged that the said store was on Dasher street in the city of Valdosta.   He was tried on this indictment and acquitted.   He was again indicted

for a misdemeanor, the indictment charging that he did enter the store of one Joseph Eyoup, situated at the corner of Ashley and Valley streets in the city of Valdosta, with intent to steal the goods of said Joseph Eyoup in said store.   Before arraignment he filed a plea of autrefois acquit, based upon his acquittal on the first indictment.   He alleged that the offense charged against him in the first indictment is exactly the same as that with which he is now charged, and that they relate to the same transaction, and that the transaction involved in the former prosecution is practically the same as that involved in the present case. The State demurred orally to the plea, and the trial judge sustained the demurrer and struck the plea.   The defendant filed exceptions pendente lite to this ruling, and assigned error thereon in his main bill of exceptions.   He was convicted, and he excepts also to the judgment overruling his motion for new trial.

1. The question raised in the instant case by the plea of autrefois acquit is fully discussed in the case of *Gully* v. *State,* 116 *Ga.* 527 (42 S. E. 790), and the decisions on this subject are there reviewed.   In the *Gully* case the defendant was indicted for bigamy. The first indictment charged that the accused committed the offense of bigamy by marrying Gussie Shingler, and the second indictment, under which he was convicted, charged that he committed the offense by marrying Bessie Shingler.   The court held that the acquittal under the first indictment was not a bar to the prosecution subsequently instituted under the second indictment. Mr. Justice Cobb in discussing the question said:   "Under the first indictment there could not have been a legal investigation in reference to an unlawful marriage by the accused to any other person than the one named in the indictment.   Evidence of a marriage by the accused with Bessie Shingler would not have been admissible under the first indictment.   While the offense charged in each indictment is the same in general terms, that is, bigamy, an unlawful marriage to a particular person is an essential element in this offense, and the allegation and the proof in reference to this person must correspond.   The offenses charged in the two indictments are not, therefore, identical.   In the absence of any evidence at all, the indictments on their face show that they could not involve the same transaction."

In the instant case the charge is that the defendant entered a

certain store of Joseph Eyoup, situated at the corner of Ashley and Valley streets. In the first indictment the charge was that he entered the store of Joseph Ayoup, situated on Dasher street. Even if Ayoup and Eyoup in the two indictments be the same person, the stores are different, and the indictments therefore charge different larcenies. Evidence that he entered the store of the prosecutor at the corner of Ashley and Valley streets would not have been admissible under the first indictment, charging the entering of the store on Dasher street. The description of some particular store is an essential element in the offense, and the allegations and the proof in reference thereto must correspond. The offenses charged in the two indictments are not identical. In the absence of any evidence at all, the indictments on their face show that they could not involve the same transaction. They charge the entering of different stores. While the record does not clearly show that Eyoup had another store on Dasher street, it does indicate that he had another store. Eyoup, the prosecutor testified "he [the defendant] said he had been coming in this store two years, and two other times in the other store by the Valdosta Stationery Company, for groceries." So that if we apply the "same-transaction test," or the "same-evidence test" in the case, the acquittal under the first indictment was not a bar to the prosecution under the second, and the demurrer to the plea of former jeopardy was properly sustained. We have not overlooked the cases of *Goode* v. *State,* 70 *Ga.* 752, and *Lock* v. *State,* 122 *Ga.* 730 (50 S. E. 932), cited and relied on by counsel for the plaintiff in error. Upon examination of those cases they are easily differentiated on the facts from the instant case.

2. The evidence shows that the defendant was found in the store at night behind some barrels, after the proprietor had locked up the store for the night and gone home. He admitted that he was in there for the purpose of stealing goods, and that he had been going in there and stealing money and groceries. The evidence amply authorized the verdict, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed.* *Broyles, P. J.,* and *Bloodworth, J., concur.*