### 20238.  HINES *v.* THE STATE.

DECIDED MARCH 5, 1930.

*Rosser & Shaw,* for plaintiff in error.

*M. Neil Andrews, solicitor-general, Dean Owens,* contra.

BLOODWORTH, J. (After stating the foregoing facts.) The court erred in dismissing the plea of autrefois acquit. In the case of *Lock* v. *State,* 122 *Ga.* 730 (50 S. E. 932), the 2d head-note is as follows: "A plea of autrefois acquit is legally sufficient when it alleges that the offense in the second indictment is

identical with the offense which was or could have been made the subject of investigation under the first indictment, and further alleges an acquittal under the first indictment in a court of competent jurisdiction." In the opinion in that case Justice Evans said (p. 732): "The constitution of this State guarantees that no person shall be put in jeopardy of life or liberty more than once for the same offense, save on his or her own motion for a new trial after conviction, or in case of a mistrial. Civil Code [1895], § 5705. When one is put on trial for an offense, and his plea is that the same facts were involved in another case against him for which he has been tried by a court of competent jurisdiction, he may plead the final result of the former trial in bar of the second prosecution. In determining whether the first case is a bar to the prosecution of the second, the test is whether or not the same transaction is involved; that is, whether both indictments and the investigation that may be had thereunder relate to the same offense. *Gully* v. *State,* 116 *Ga.* 530 (42 S. E. 790). In the case just cited the prior adjudications on the subject were all brought under review, and the conclusion was reached that the accused could successfully defeat a prosecution under the second indictment by identifying the offense charged in that indictment with the offense which was or could have been made the subject of investigation under the first indictment. Among the cases reviewed was that of *Holt* v. *State,* 38 *Ga.* 187. In all essential particulars the facts of that case and those of the case in hand are identical. Holt was indicted for the offense of assault with intent to murder, and was, under that indictment, absolutely discharged and acquitted of the offense therein charged. Subsequently he was indicted with six other persons for the offense of aggravated riot, and pleaded the former indictment and discharge, alleging that the defendants were the identical persons who had been discharged and acquitted, and that the crime charged in the last indictment was the identical offense charged in the first indictment and not another and different crime. In the opinion Judge Warner propounded the query: .'Can the State put a party upon trial the second time for the *same criminal act* after he has been *acquitted,* by changing the *name* of the accusation?' and answered this query by saying that the State, 'having made its election as to the nature and character of the offense for which it will prose-

cute the party upon a given state of facts,' ought, if the defendant was tried and acquitted, to be held bound by its election and not be permitted to again indict and prosecute him for the same criminal acts under the name of another offense. . . The defendant's plea of autrefois acquit distinctly alleges that both indictments were based upon one and the same transaction, involving the facts and circumstances under which an assault was alleged to have been committed by him upon the person of Williams; and if this be true, then the acquittal of the defendant of the charge of assault with intent to murder operates as a bar to a conviction of riot under the indictment for that offense." In *Bell* v. *State,* 103 *Ga.* 400 (2, 3) (30 S. E. 294, 68 Am. St. R. 102), the Supreme Court said: "In the case of *Copenhaven* v. *State,* 14 *Ga.* 22, this court laid down the broad rule that 'the plea of autrefois acquit or convict is sufficient whenever the proof shows *the second case to be the same transaction with the first.'* Again, in *Holt* v. *State,* 38 *Ga.* 187, it was held, that where a party has been acquitted of an offense for which he was indicted and 'is afterwards indicted a second time for the *same criminal acts* as alleged in the first indictment, though under a different *named offense,* he may plead his discharge and acquittal under the first indictment in bar to the second.' And in *Jones* v. *State,* 55 *Ga.* 625, it was held that 'a plea that the defendant was put on trial for the same transaction under a valid indictment for simple larceny and the case nolprossed, and withdrawn from the jury without his consent, is good in bar of a subsequent indictment for burglary. Having been in jeopardy of liberty once, he can not be put in jeopardy again for the same transaction, save on his own motion for a new trial, or in case of a mistrial.' The rule laid down in these decisions, if followed, would be decisive of this case, for it is admitted that the prosecution in the city criminal court and the one in the superior court were founded upon the same transaction—that they were for the same act. The principle ruled in these cases was followed in *Buhler* v. *State,* 64 *Ga.* 504; *Goode* v. *State,* 70 *Ga.* 752; and *Knight* v. *State,* 73 *Ga.* 804." In *Jones* v. *State,* 55 *Ga.* 626 (3), Judge Jackson said: "His plea of former jeopardy alleges that the prosecution for burglary is on the same transaction or for the same offense. The demurrer admits its truth. If true, he was about to be tried for the same

offense, the same transaction, under a different name. It has been repeatedly held by this court that this can not be done under our constitution: Code sec. 5000; *Roberts and Copenhaven* v. *The State,* 14 *Georgia Reports,* 8, 11, 12 [58 Am. D. 528]; *Copenhaven* v. *The State,* 15 *Georgia Reports,* 266; *Holt* v. *The State,* 38 Ibid., 187, 189, 190; *Black* v. *The State,* 36 Ibid., 447, 450 [91 Am. D. 772]; see also 1 Bishop's Crim. Law. 683, 688, 689; Hopkins' Annotated Penal Laws, secs. 1574, 1575, 1577 et seq. We think, therefore, that upon authority, in our own State, particularly inasmuch as the plea alleged the same offense in the simple larceny charge as in the subsequent charge of burglary, and as the court struck the plea on demurrer which admitted that the offense or transaction was the same, the court erred and the new trial should have been granted on this ground in the motion." See *Holt* v. *State,* 38 *Ga.* 187; *Goode* v. *State,* 70 *Ga.* 752; *Franklin* v. *State,* 85 *Ga.* 570 (11 S. E. 876), and cases cited in the opinion. In the case last cited the Supreme Court said (p. 575): "In Dinkey *v.* Commonwealth, supra, [17 Pa. 126, 55 Am. D. 542] Black, C. J. (the great Jeremiah S. Black, of Pennsylvania), said: 'The right not to be put in jeopardy a second time for the same cause is as sacred as the right of trial by jury, and is guarded with as much care by the common law and by the constitution.' A faithful guardianship of this sacred right constrains us (reluctant though we are to do so in view of the facts of this special case, the miscarriage of justice being apparently due to a mere slip or accident) to hold that the plea of former jeopardy was a good and sufficient answer to the second indictment, and that the court erred in overruling the same."

The error in the judgment dismissing the plea of autrefois acquit rendered the further proceedings nugatory.

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*