20330.  HALL *v.* THE STATE.

456

*Walter L. Nix, Branch & Howard,* for plaintiff in error.

*Clifford Pratt, solicitor-general, O. A. Nix,* contra.

PER CURIAM. At the September term, 1929, of the superior court of Gwinnett county, the defendant was indicted for assault with intent to rape on a nine-year-old child. When the case came on for trial at the December term of the court, the defendant filed a plea of autrefois acquit, alleging that he was indicted at the September, 1929, term of the superior court of DeKalb county for the same crime, and was there tried and acquitted. It is conceded by counsel for the State that the two indictments allege the same facts, except as to the county in which the crime was committed. It was agreed between counsel that the brief of evidence in the trial in DeKalb county was correct, and would be relied on in the trial of the case in Gwinett county, but that the State reserved the right to introduce any additional evidence obtainable. It is undisputed that the defendant brought the child from Lawrenceville to Atlanta in an automobile, passing through Gwinnett, DeKalb, and Fulton counties, and that the two were alone in the car. The substance of the child's testimony is that shortly after leaving Lawrenceville the defendant put his hand on and finger in her private parts, and kept them there practically all the time until they arrived in Atlanta. "He did not keep his hand on my privates all the time, but if he took it off he would put it right straight back. . . When cars would pass he would keep his hand in there. When he took his hand off he would put it right back. He begged me to let him put his'n against mine. He had his finger in there nearly all the time. . . He hurt me with his fingers. . . When I started crying he took his finger out of there, and then put it back in." A practicing physician testified that he examined the child about two days after the crime was alleged to have been committed, and "found the hymen practically destroyed; the right rim, the rudiments of the hymen were left, just the residue, I might say, of the hymen was left, and that was red and inflamed. The vaginal canal was

slightly inflamed." The trial judge overruled the plea of autrefois acquit; and upon this ruling the plaintiff in error assigns error.

The evidence shows that the defendant assaulted the girl in both Gwinnett and DeKalb counties upon an automobile ride. It is true that the assaults occurred on the same day and on the same ride, and that they were practically continuous; but one occurred in Gwinnett county and the other in DeKalb county. Or, if it be admitted that it was the same assault, begun in Gwinnett and continued in DeKalb, it was not begun in one county and completed in the other, as contended by plaintiff in error, but the defendant's act made a complete crime of assault in both counties. The fact that a jury in DeKalb county found him not guilty of committing the crime in that county is no good or valid reason why a jury in Gwinnett county should not be allowed to determine whether he committed the crime in that county. This case is different from any case cited, as admitted by counsel for plaintiff in error in their brief. The judge properly overruled the plea in bar.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*

Luke, J., dissenting. In the judgment overruling the plea the court stated that the evidence came fully up to "the same-transaction test" and "the same-evidence test" within the meaning of the cases of *Roberts* v. *State,* 14 *Ga.* 8 (58 Am. D. 528), and *Gully* v. *State,* 116 *Ga.* 527, 528 (42 S. E. 790), and that "the defendant ought not to be put on trial again for the same offense," but that in view of section 29 of the Penal Code (1910), the plea was overruled. The code section referred to by the court reads as follows: "All criminal cases shall be tried in the county where the crime was committed, except cases in the superior courts where the judge is satisfied that an impartial jury can not be obtained in such county. When he becomes thus satisfied, he may change the venue for the trial." However, paragraph 8 of article 1 of the bill of rights of the constitution of Georgia (Civil Code (1910), § 6364) provides that "No person shall be put in jeopardy of life, or liberty, more than once for the same offense, save on his or her own motion for a new trial after conviction, or in case of a mistrial." The foregoing provision appears in the Penal Code (1910), as § 11. The constitution of the United States contains this provision: "Nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb." Civil Code (1910), § 6688.

In *Morgan* v. *State,* 119 *Ga.* 964, 967 (47 S. E. 567), the rule by which it can be determined whether a crime is a single offense or whether the facts make two offenses is stated as follows: "A person may commit but one offense of carrying a weapon concealed upon his person, although he carries it thus concealed for many hours, because the nature of the offense is such that it may be continuously committed; but whenever the continuity of the act constituting the offense is broken, that particular offense is at an end, and another like offense is committed when the weapon is again concealed by him on his person."

If it be granted that but a single offense was committed, it necessarily follows that it would be a violation of our constitution to try the defendant a second time for it in Gwinnett county. If the defendant could be tried again in Gwinnett county, there appears no reason why he could not be again put upon trial for the same offense in Fulton county. An offense committed on a county line may be tried in either county, not in both counties. See Penal Code (1910), § 26. Under section 24 of the same code, when a crime is committed on a river forming the boundary line of this State and the evidence does not definitely disclose on which side of the line between the two counties, at the place where it touches the river, the offense was committed, "the courts of either county may maintain jurisdiction." These two code sections are mentioned merely to show with what sanctity the lawmakers of our State regard the constitutional provision quoted above. My conclusion is that the offense charged in the two indictments was the same crime, and that the court erred in overruling the plea of autrefois acquit.