## 21208. HARRIS *v.* THE STATE.

Decided June 9, 1931. Rehearing denied July 14, 1931.

*Perry & Tipton,* for plaintiff in error.

*R. S. Foy, solicitor-general,* contra.

Luke, J. The indictment in this case charges that plaintiff in error, Ernest Harris, as principal in the first degree, and Murphy Evans and J. C. Evans, as principals in the second degree, did, on May 15, 1930, in Worth county, Ga., commit the offense of larceny after trust, in that "Ernest Harris, after having been entrusted by G. H. Ponder with six bushels of corn of the value of six dollars for the purpose of applying same for the use and benefit of the said G. H. Ponder, the owner thereof and person so delivering it, did fraudulently convert the same to his, defendant's own use," the said Murphy Evans and J. C. Evans being then and there present aiding and abetting said act to be done. The trial resulted in the conviction of Ernest Harris and Murphy Evans.

On the call of the case for trial on August 14, 1930, Ernest Harris filed his plea of autrefois acquit. The State demurred to the plea upon the ground that "the same is upon its face not good in law," and the court sustained the demurrer and struck the plea. By exceptions pendente lite, upon which error is duly assigned in his final bill of exceptions, Ernest Harris questions the judgment sustaining the demurrer. The said plea alleges, in substance, that at the same term of Worth superior court at which indictment No.

5579 was returned, another indictment, No. 5577, charging Ernest Harris and Lawrence Brown with the offense of larceny after trust, was returned; that Harris and Brown had been jointly tried and acquitted under indictment No. 5577 at the same term of court at which indictment No. 5579 was called for trial; that these two indictments were "based upon the same transaction, and the same transactions, and would involve the same evidence;" that the second offense charged was "identical in name and substance" with the first offense charged; that the offense of which the defendant was acquitted was tried in a court "having and exercising full and competent jurisdiction of the defendant and the offense charged;" that should the defendant be tried under the second indictment, "the subject of the investigation would necessarily be the same transaction and the same transactions that were actually investigated, or that could properly have been made the subject of investigation under the said first indictment in the said former trial, . . and that said first indictment, being general in form and substance, returned on July 30, 1930, covered and made capable of proof all transactions of the nature alleged therein dating prior to July 30, 1930; and this second indictment, being general and returned on the same day, would necessarily involve the same transaction under which he was tried;" and that defendant was entitled to be discharged under the provision of our constitution that "no person shall be put in jeopardy of life or liberty more than once for the same offense."

"A plea of autrefois acquit is legally sufficient when it alleges that the offense in the second indictment is identical with the offense which was or could have been made the subject of investigation under the first indictment, and further alleges an acquittal under the first indictment in a court of competent jurisdiction." *Lock* v. *State*, 122 *Ga.* 730 (50 S. E. 932) ; *Hines* v. *State*, 41 *Ga. App.* 294 (152 S. E. 616). "But in all pleas of former acquittal or former conviction, the proof of the plea has to consist partly of matter of record and partly of matter *not of record*. And the *identity* of the two cases is the part of the plea which it is the peculiar business of the evidence which is not of record to make out." *Sweeney* v. *State*, 16 *Ga.* 467, 468. In *Roberts* v. *State*, 14 *Ga.* 8, 12 (58 Am. D. 528), the Supreme Court of this State adopted the rule that "the plea of *autrefois acquit or convict* is

sufficient, whenever the proof shows *the second case to be the same transaction with the first."* In *Gully* v. *State,* 116 *Ga.* 527 (42 S. E. 790), the Supreme Court unqualifiedly approved the "same-transaction test," as laid down in the *Roberts* case.

We have referred to only a few of the principal cases bearing upon the question under consideration. In passing upon the judgment .of a trial court dismissing a plea of autrefois acquit upon demurrer, this court, in the recent case of *Hines* v. *State,* supra, went so thoroughly into a discussion of the question now under consideration that we shall content ourselves with referring to that case for a more extended consideration of the law controlling the case at bar. We will, in this connection, however, call attention to the case of *McCoy* v. *State,* 121 *Ga.* 359 (49 S. E. 294), and cit.

The plea in the case at bar has attached thereto as an exhibit a copy of the former indictment, with the verdict of not guilty thereon. The general demurrer, of course, admits the allegations of fact in the plea; and, in the light of the rule laid down in the *Lock* case, supra, we are of the opinion that the plea was good as against the general demurrer interposed thereto. The identity of the two cases was for the jury, and not the court, to pass upon, and the trial judge erred in sustaining the general demurrer and dismissing the plea of autrefois acquit.

Further proceedings in the case were nugatory, and the other questions sought to be raised by the record will not be considered.

*Judgment reversed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*