29568.   CRUMLEY *v.* CITY OF ATLANTA.

DECIDED OCTOBER 1, 1942.

*Frank A. Bowers,* for plaintiff in error.

*John A. Boykin, solicitor-general, J. C. Savage, E. L. Sterne, J. C. Murphy, Frank A. Hooper Jr.*, contra.

MacINTYRE, J. The defendant in his brief in effect concedes that case No. 19566, charging operating a motor vehicle while under the influence of intoxicating liquor, was authorized. As to case No. 19567, he states in his petition for certiorari that it was not appealed because the court suspended the sentence in that case. As we construe the record, the testimony of Mrs. Sams above quoted refers to case No. 19569, and the testimony of Cleo Clark refers to No. 19568. If this interpretation be correct, the defendant was guilty of disorderly conduct in the first case, No. 19569, at 1030 Allene Avenue, and, later on in the same day, he was guilty of disorderly conduct, as charged in case No. 19568, at 358 Pryor Street. The defendant in his brief says: "In the case under present consideration we respectfully submit that the 'disorderly conduct' charged to the defendant was only one case of 'disorderly conduct' since, under all the evidence, there was only one arrest and the disorder was during one transaction and one intoxication on one day." He asks "that the judgment be reversed in part, i. e., that case number T-19569, the second conviction for 'disorderly conduct,' be reversed."

It is a violation of § 878 of the city ordinance for any person to be "drunk, hooting, hallooing, or making any other unnecessary or unusual noise to the disturbance of any citizen." The court convicted the defendant of only one "drunk," alleged to have extended over a period of many hours. The one continuous "drunk" as disclosed by the evidence might be said to have been one continuous, uninterrupted act, which would bring it within what the law intends to express by the words "same criminal transaction," or one and the same offense of being drunk in violation of the city ordinance. Yet, a person may be guilty of committing the crime of being drunk by doing the acts prohibited in the section of the city ordinance against drunkenness without perpetrating the offense of disorderly conduct, even though he committed the acts referred to in the section prohibiting disorderly conduct. *Blair* v. *State*, 81 *Ga.* 629 (7 S. E. 855) ; *Franklin* v. *State*, 85 *Ga.* 570, 575 (11 S. E. 876) ; *MacIntosh* v. *State*, 116 *Ga.* 543 (42 S. E. 793) ; *Bell* v. *State*, 103 *Ga.* 397 (30 S. E. 294, 68 Am. St. R. 102).

There is no plea of former jeopardy in this case, yet, in determining the question of what is the "same transaction" in the instant case we might say that we recognize the rule in Georgia as laid down in *Roberts* v. *State,* 14 *Ga.* 8, 12 (58 Am. D. 528): "To avoid any confusion on this subject [the court said], we adopt the rule as it is otherwise more generally, and perhaps more accurately expressed, viz.: that the plea of autrefois acquit or convict is sufficient, whenever the proof shows *the second case to be the same transaction with the first.*" Charging the same crime in two different ways will not justify two prosecutions. *Holt* v. *State,* 38 *Ga.* 187. Mere different descriptions in the two indictments or two charges will not constitute different offenses. *Buhler* v. *State,* 64 *Ga.* 504. The words "same offense" in our constitution, prohibiting a second jeopardy, do not signify the same offense eo nomine, but the same criminal act or omission. Hirshfield *v.* State, 11 Tex. App. 207. To illustrate: the stealing of several articles at the same time and at the same place, even though they belong to different owners, constitutes but one crime and can be prosecuted but once. One could not be charged in separate indictments with the larceny of each of these articles and be separately tried, convicted, and punished for the stealing of each of them. Stealing a horse, wagon, and harness, at the same time and place, is but one offense and is prosecutable but once. State *v.* Cameron, 40 Vt. 555. But it was held in Rex *v.* Birdseye, 172 Eng. Rep. (full reprint) 386, that an interval of one-half hour having elapsed between the taking of two articles, this made two distinct indictable offenses, although the articles were taken from the same shop or storehouse of the prosecutor. See also Roberts *v.* State, 58 Am. Dec. Ex. Ann. 539.

We think the evidence authorized a finding that the disorderly conduct at 1030 Allene Avenue was a complete offense, separate from the disorderly conduct two or three hours later at 358 Pryor Street. *Brown* v. *State,* 85 *Ga.* 713 (11 S. E. 831). See *Gully* v. *State,* 116 *Ga.* 527 (42 S. E. 790).

The judge did not err in overruling the certiorari.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*