32032.   WELLONS *v.* THE STATE.

Decided July 16, 1948.   Rehearing denied July 31, 1948.

654

*Jule & A. C. Felton III*, for plaintiff in error.
*Charles H. Garrett, Solicitor-General, William West*, contra.

GARDNER, J. ■ While error is assigned on the general grounds, it is not seriously contended by distinguished counsel for the defendant, that the evidence does not sustain the verdict on the general grounds. Therefore, we will not here discuss the general grounds other than to say that the evidence sustains the verdict in the instant case.

■ But it is earnestly and learnedly contended that the verdict in the instant case should be set aside because the court erred in sustaining the motion to strike the plea of autrefois convict under the provisions of the Constitution. Code, § 2-108. The only decision in this State almost identical to the question now before us is the case of *Webb* v. *State*, 68 *Ga. App.* 466 (23 S. E. 2d, 578). It is contended that under the same transaction test, which is contended obtains in this State, that the defendant having been previously convicted for the unlawful killing of Bellflowers can not subsequently be put in jeopardy under the same transaction test for assault and battery on Johnston. The facts involved are undisputed. The only question then, which is presented for determination, is does the killing of Bellflowers and the beating of Johnston involve the same offense within the purview of the Constitution of Georgia? The contention of the State is that it does not. The contention of the defendant is that it does. The State contends that the majority opinion in the case of *Webb* v. *State,* supra, is sound and controlling and should be adhered to. The contentions of counsel for the defendant are that the correct principle which should govern this case is set forth in the dissenting opinion in that case and that the ruling in the *Webb* case should be overruled, and the dissenting opinion made to prevail in the instant case. The State relies on the decisions cited in the

majority opinion in the *Webb* case; the defendant on the decisions cited in the dissenting opinion, and other decisions, including *Roberts* v. *State*, 14 *Ga.* 8 (58 Am. D. 528) ; *Copenhaven* v. *State*, 15 *Ga.* 264; State *v.* Crosgrove, 103 N. J. L. 412 (135 Atl. 871) ; Smith *v.* State, 159 Tenn. 674 (21 S. W. 2d, 400). The defendant also relies on and cites the following authorities: *Gully* v. *State*, 116 *Ga.* 527 (42 S. E. 79) ; *Holt* v. *State*, 38 *Ga.* 187; *Jones* v. *State*, 55 *Ga.* 625; *Buhler* v. *State*, 64 *Ga.* 504; *Goode* v. *State*, 70 *Ga.* 752; *Knight* v. *State*, 73 *Ga.* 804; *Knox* v. *State*, 89 *Ga.* 259 (15 S. E. 308) ; *Smith* v. *State*, 200 *Ga.* 188 (36 S. E. 2d, 350). It is contended that all of these cases either lay down or apply the principle that, where the second case is the same transaction as the first, the plea of. autrefois convict should be sustained. Our attention is particularly called to *Hines* v. *State*, 41 *Ga. App.* 294 (152 S. E. 616), to the effect that it is former jeopardy if the offense in the second indictment was or could have been made the subject of investigation under the first indictment. The State on the other hand contends and, we think correctly so, that all the cases cited from this State by counsel for the defendant involve only one victim, and not several, and that it was a question in those cases of election by the State as to what offense would be chosen as the basis of the indictment. And the State further contends that the following excerpt from the majority opinion in *Webb* v. *State*, supra, enunciates the true principle of law which obtains in this State and in the great majority of jurisdictions: "It is well to consider that a person driving along a public highway can be presumed to know that he will meet and pass other vehicles which are lawfully using the highway, and that these vehicles may carry one or many persons. There may be an automobile in which there is only the driver, while on the other hand there may be a bus in which twenty or more persons are riding. In presuming that a person 'knew the natural and necessary consequences that would result,' we think it follows that the defendant in the instant case can be presumed to have known that he would collide with an automobile in which five persons were riding, and that each might be affected by his unlawful act as a natural and necessary consequence. We see no reason why the presumption of knowledge of the exact consequences can not be imputed to the defendant as well as the

presumption of malice and intent. By his unlawful act he placed himself in the position of impliedly intending to commit the crime, and, as he 'knew the natural and necessary consequences that would result,' it follows that he intended (by implication) to drive the automobile into the other car, and that he had knowledge (by implication) that the other carried five persons, three of whom would be killed and two injured by his unlawful act." The instant case was assigned to the writer, who wrote the dissenting opinion in the case of *Webb* v. *State*. Since that time we have had occasion to study this question further, particularly in the case of *Martin* v. *State*, 77 *Ga. App.* 297 (48 S. E. 2d, 485). In doing so, we have come to the conclusion that the majority opinion in the case of *Webb* v. *State*, supra, is perhaps a sounder and a more beneficial rule insofar as the public interest is concerned, and that at the same time the majority opinion does not do violence to any constitutional right of a defendant prohibiting his being tried a second time for the same offense. The writer's conviction and change in this respect has been largely influenced by a study of the question since the *Webb* case, and particularly a study and analyzation of the case of *Harris* v. *State*, 193 *Ga.* 109 (17 S. E. 2d, 573, 147 A. L. R. 980).

*Judgment affirmed. MacIntyre, P. J., and Townsend, J., concur.*